# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | | |
|---|---|---|
| **In the matter of:** | ) | |
| **TORRILLO'S STUCCO, LLC,** | ) | **CHAPTER 7** |
| | ) | **CASE NO. 20-20219-MJK** |
| Debtor(s), | ) | |
| | ) | |
| **R. MICHAEL SOUTHER, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| **PNC BANK, MERCHANT ADVANCE,** | ) | **ADVERSARY PROCEEDING** |
| **LLC, and EDWARD F. GUIDA, JR.,** | ) | **NO. 20-_____-MJK** |
| **Marshall, City of New York,** | | |
| Defendant(s). | ) | |

## COMPLAINT TO COMPEL TURNOVER AND FOR A DETERMINATION OF THE VALIDITY, EXTENT AND PRIORITY OF LIENS

COMES NOW R. Michael Souther, Trustee, Plaintiff in the above-styled adversary proceeding, and states his Complaint against the Defendants as follows:

### I. PARTIES:

1. Plaintiff is the duly qualified and acting Trustee in the above-referenced Chapter 7 bankruptcy case.

2. The Defendant, PNC Bank, National Association (hereinafter "PNC"), is a subsidiary of PNC Financial Services Group, Inc., doing business in the State of Georgia, and subject to the jurisdiction of this Court.

3. The Defendant, Merchant Advance, LLC (hereinafter "Merchant Advance"), is a Wyoming limited liability company doing business in the State of Georgia, and subject to the jurisdiction of this Court.

4. The Defendant, Edward F. Guida, Jr., in his capacity as Marshall for the City of New York (hereinafter ("Guida"), is a resident of the State of New York, and subject to the jurisdiction of this Court.

## II. JURISDICTION AND VENUE:

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §542.

6. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E) and (K).

7. Venue properly lies in this judicial district pursuant to 28 U.S.C. §1409(a) because Debtor's Chapter 7 case is pending in this district, and the causes of action asserted herein arise in, and are related to, said bankruptcy case.

8. Plaintiff consents to the entry of final orders or judgment by the Bankruptcy Court in this matter.

## III. BACKGROUND AND STATEMENT OF RELEVANT FACTS:

9. On May 12, 2020 (the "Petition Date"), Torrillo's Stucco, LLC (the "Debtor") filed the above-referenced petition for relief under Chapter 7 of the Bankruptcy Code.

10. Patrick G. Tornillo, Jr., is the sole stockholder of the Debtor corporation.

11. Debtor's Schedules reveal that Debtor has approximately $10,309.00 in a business checking account with Defendant PNC Bank, being Account No. xx1679, which account is currently frozen (hereinafter the "Subject Account").

12. Attorney Steven Zakharyayev, on behalf of Defendant Merchant Advance, notified Defendant PNC Bank to place a hold on the Subject Account.

13. Subsequently, Defendant Guida made a demand upon Defendant PNC Bank for the turnover of all sums on deposit in the Subject Account.

14. And, on or about June 16, 2020, Plaintiff herein made a demand upon Defendant PNC Bank for the turnover of all sums on deposit in the Subject Account.

15. Because of the competing demands made against the Subject Account, Defendant PNC Bank has, understandably, refused to turnover the funds on deposit in the subject account without a court order.

### IV. TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. §542

16. Plaintiff realleges and incorporates herein as if fully restated paragraphs 1-15 above.

17. Plaintiff/Trustee seeks the turnover of all sums on deposit in the Subject Account of the Debtor at Defendant PNC Bank under Section 542 of the Bankruptcy Code, which provides, in part, as follows:

> (a) ... an entity ... in possession, custody or control, during the case, of property that the Trustee may use, sell or lease ... shall deliver to the Trustee, and account for, such property or the value of such property unless such property is of inconsequential value or benefit to the estate.

18. The money held in the subject account at PNC Bank is property of the bankruptcy estate under 11 U.S.C. §541, is of substantial value, and may be used by the Trustee for the benefit of the bankruptcy estate.

19. For the foregoing reasons, the funds held in the subject account at PNC Bank are subject to turnover to the Trustee pursuant to 11 U.S.C. §542.

### V. DETERMINATION OF THE VALIDITY, EXTENT OR PRIORITY OF LIENS

20. Plaintiff realleges the averments set forth in Paragraphs 1-19 of the Complaint and incorporates such paragraphs by reference.

21. Despite the demands made upon Defendant PNC Bank by the other two defendants

to freeze and/or turnover the funds on deposit in the subject account, such funds remained in said account as of the Petition Date.

22. Accordingly, Plaintiff submits that the rights of the Trustee, as a hypothetical judgment lien creditor, in and to the funds on deposit in the subject account are superior to any rights or claims of the Defendants Merchant Advance or Guida thereto.

**WHEREFORE,** Plaintiff prays as follows:

(A) For an order by the Court directing Defendant PNC Bank to turnover to the Plaintiff all funds held in Account No. xx1679 in the name of the Debtor corporation.

(B) For a determination by the Court that the rights, interests and claims of the Plaintiff to the funds on deposit in Debtor's Account No. xx1679 at PNC Bank are superior to any rights, interests and claims of the Defendants Merchant Advance and Guida.

(D) For such other and further relief as the Court deems just and proper.

Respectfully submitted on July 6, 2020.

                                        R. MICHAEL SOUTHER, P.C.

                        By:   /s/ R. Michael Souther
                              R. Michael Souther
                              Attorney for Plaintiff
                              Georgia State Bar No. 668325

P.O. Box 978
Brunswick, GA 31521-0978
(912) 265-5544
msouther@mikesoutherlaw.com